STATE ex NOBLE v ATKINSON, Admr.

STATE ex LOEB v ATKINSON, Admr., Etc.

STATE ex DURANT v ATKINSON, Admr., Etc.

STATE ex MALLERY v ATKINSON, Admr., Etc.

Ohio Appeals, 2nd Dist, Franklin Co.

Nos. 3062, 3063, 3064, 3081.

Decided March 15, 1940.

Pealer & Tuttle, Columbus, and William McKinley, Columbus, for Relators.

Thomas J. Herbert, Atty. Gen., Columbus; Howard Bernstein, Asst. Atty. Gen., Columbus, and John P. Walsh, Asst. Atty. Gen., Columbus, for Respondent.

## OPINION

By HORNBECK, PJ.

The above entitled and numbered actions are in mandamus to restore relators to their positions in the classified service with the Bureau of Unemployment Compensation of the State of Ohio.

Noble claims to have been illegally removed as a Senior Interviewer of the Columbus office after he had served his probationary period of 90 days; Mallery, a Senior Interviewer in the Columbus office, Loeb and Don Durant, Junior Interviewers in the Columbus office, make like claims.

We have but one Bill of Exceptions which purports to have been made in all of the cases. The testimony, with the exception of some of the records relates only to the cause of action of Noble. We do not have any formal stipulation that the other cases are identical in factual developments, but at the time of presentation of oral argument it was stated by counsel that the cases were alike and that the same determination would control all. Certain facts appearing in the Noble case are necessary to an appreciation of the legal question for determination.

Noble, one of 35,000 prospective appointees, took a written examination for Senior and Junior Interviewer in the Bureau of Unemployment Compensation, hereafter U. C. C., some time prior to December 5, 1938, and received notice from the Civil Service Commission, hereafter C. S. C., date not fixed, of his final grade and that he was No. 2 on the list for District No. 15, and ordered to report for further oral examination at the Neil House, Columbus, 1:30 P. M. on December 5, 1938. Nothing of record appears thereafter until December 30, 1938, when Noble received a wire from the Chairman of the U. C. C. that he had been appointed "Senior Interviewer" and that failure to report immediately to the manager of the Columbus office would be deemed rejection of the position. On the same day Noble reported to the commission, made out his application for the position of Senior Interviewer, received his notice of certification from the C. S. C. to the effect that his name was included in a list of names certified that day to the U. C. C. from which list appointment would be made to the position of Senior Interviewer, District No. 15, Columbus, and instructing him to communicate immediately in person or by letter with the personnel supervisor of the U. C. C. Noble, on the same day, sent a reply to the U. C. C. which was attached thereto acknowledging receipt saying that he would communicate at once with the appointing officer. On the same day the C. S. C. over the signature of Carl W. Smith, its Chairman, certified twelve names to the U. C. C., pursuant to an order of said Commission of same date, as eligible for appointment to the position of Senior Interviewer, District No. 15, Columbus, from which to appoint eight persons. Noble's name was the second on this list.

Thereafter on the 31st of December, 1938, an entry on the minutes of the U. C. C. discloses the following:

"Mr. Leasure moved the following persons whose names appear on the Civil Service list, for Senior Interviewer in the Columbus Office, District No. 15, be appointed at a salary of $135.00 per month; effective on the date appointees report to the Columbus office."

The names of eight persons and their addresses follow, among which and the the last of which was that of Mr. Noble. The minutes further recited:

"The roll being called upon its adoption the vote resulted as follows, Mr. Roberts, aye, Mr. Mackey, aye, Mr. Leasure, aye."

Mr. Noble was put to work on the 30th of December, 1938. On the same day Mr. Noble had a letter from Olive G. Tannehill, Executive Director, asking that he waive appointment to the position of Junior Interviewer for the Columbus Office because he had already been appointed to another position. On the 6th of February, 1939, defendant's exhibit A, the C. S. C. forwarded to the U. C. C. a certificate for original appointment setting out twelve names under §24183. It recites that it is made upon a requisition of the U. C. C. of date, February 3, 1939, for a certification of the names of persons who are eligible for appointment to the position of Senior Interviewer, District No. 15, Columbus, that it is desired to appoint eight persons. It bears the further notation, "Follow-up upon No. 23919, made December 30, 1938." The names carried on this certificate are identical with those carried on No. 23919, plaintiff's exhibit 9, of date December 30, 1938, except that the first name on the former certificate is missing and one name is added on the certificate of February 6th at the end thereof. The name of Noble appears second on the list of December 30th and first on the list of February 6th. Defendant's exhibit B is a card headed, "Report of Emergency Appointment", and admittedly taken from the files of the C. S. C. The exhibit is unsigned by any appointing officer and the body thereof addressed to the C. S. C. says:

"You are hereby notified that the O. S. E. S. department has made an emergency appointment of_____ to the position of_____ for a period not to exceed 30 days, effective 12-30-38, at a salary of $_____."

At the bottom in type, Name—Noble, Harold E. Under the heading, "Service-Group-Grade-Rate," Sr. Interv. Salary-$135.00. In pencil notation at the top left-hand corner appears the name of Harold E. Noble, 2-14-39, 2 da. and January, and at the bottom left-hand corner, Cer. 2-10-39. Of date February 10th, there appears a report of appointment directed to the State Civil Service Commission of Ohio, defendant's exhibit C, which is legal notification of appointment of Harold E. Noble under certificate No. 23919 to the position of Senior Interviewer, etc., effective February 10, 1939, to succeed Self-Temporary Emerg. The "Emerg." is in script and was added by an employe of the C. S. C. The report is signed by Carl A. Hopkins as Appointing Officer. It appears from the record that Carl A. Hopkins was Executive Director, which position is similar to a Secretary with the U. C. C. Defendant's exhibit D is a further record of the C. S. C. relating to Harold E. Noble, indicating that he was certified of date December 30, 1938, was appointed February 10, 1939, and discharged May 10, 1939. Under date of May 10, 1939, plaintiff's exhibit D, Noble was notified by telegram signed by H. C. Atkinson, Administrator of the B. of U. C. C., that his services had been terminated as Senior Interviewer of the Columbus Office at the close of the 90th day of his probationary period and that registered letter follows. Of the same date, Defendant's exhibit E, the Administrator sent a letter to the C. S. C. setting forth certain charges against Mr. Noble and stating that he was being dismissed from the service effective May 10, 1939, the day of the expiration of his 90 day probationary period.

We have as fully as necessary set forth every exhibit which appears in the record. The testimony is made up further of several witnesses including those who were associated with the U. C. C. and the C. S. C. during the times when Mr. Noble was serving as Senior Interviewer.

The question for determination is whether or not Mr. Noble was discharged on the 90th day following his probationary appointment as Senior Interviewer. Nothing is claimed respecting the charges which were in-

corporated in the notice to the C. S. C. of the removal of Noble. The relator urges that his probationary appointment should date from December 30, 1938; respondent, that it began on February 10, 1939, and that the action taken on the earlier date, December 30 and 31, 1938, was an emergency appointment. If it began on the latter date, viz., February 10, 1939, the dismissal was regular and it has been so accepted by the C. S. C. If his appointment was at an earlier date, then he was not properly removed under §486-13 GC.

In the record of the chain of events incident to Mr. Noble's employment by the U. C. C. it will be noted that the action taken by that Commission of date December 31, 1938, was not by it duly reported to the C. S. C. The section 486-13 GC contemplates and states in terms that:

"Forthwith, upon such appointment and employment each appointing officer shall report to the proper civil service commission the name of such appointee or employe, the title and character of his office, the duties of same, the date of the commencement of same and the salary or compensation thereof, and such other information as the commission requires in order to keep the roster herein mentioned."

It is testified that the report of emergency appointment, defendant's exhibit B, which is not signed by any appointing officer in the U. C. C., was made up by the C. S. C. after investigation and was the form regularly employed in all instances of emergency appointments. The report, (defendant's exhibit C) of appointment, signed by Carl A. Hopkins, Appointing Officer, is regular in every particular and in form is in strict accord with §486-13 GC and his discharge is regular in form and made in conformity to §21, Rule 7, C. S. C.

If Noble's appointment upon this record can be said to be an emergency appointment, then all of the exhibits and most of the testimony can be reconciled. If the action of the U. C. C. respecting Noble's employment was intended to be an original probationary appointment as of date, December 31, 1938, then the subsequent records in conflict therewith are not in accord with the facts and should not be recognized.

It is our judgment, after careful consideration, that the action of the members of the U. C. C. of December 31, 1938, must be held to be the formal action of that body naming Noble as a regular probationary appointee. It is probable and in accord with the testimony that the regular certified list from the C. S. C. was in the hands of and before the U. C. C. when Noble was chosen. He was named by resolution in which all members of the U. C. C. concurred. This is the only formal appointment of Noble which was made. There is no evidence whatever that of date February 10, 1939, the U. C. C. acted to appoint Noble, except the signature of Carl A. Hopkins to the report of the appointment card in the possession of the C. S. C. As between this statement and the formal resolution of the U. C. C. there can be no doubt which is entitled to first consideration. The appointment of Noble of date December 31, 1938, has all of the indicia of regularity and authority. The appointment of February 10, 1939, is not so supported. The U. C. C. is the body authorized to appoint, §1345-13 GC. The Executive Director had no power to name Noble, Senior Interviewer. If the U. C. C. formally acted upon Noble's appointment as of date February 10, 1939, there should be some record thereof in the U. C. C.

Any investigation which would have been made after the first of January, 1939, either by the U. C. C. or representatives of the C. S. C., would have disclosed the appointment of Noble of date, December 31, 1938, as of record in the U. C. C. When the U. C. C. made requisition of the C. S. C., if it did, and there is no evidence of it, except that which appears from the certifica-

tion of the Commission of date, February 6, 1939, it should have known that such certification was not required and that the appointments therein contemplated had already been made. If the C. S. C. in making its certification No. 24183, defendant's exhibit A, had checked up on the result of its former certification No. 23919, of December 30, 1938, it would have discovered that there was no necessity for further certification.

It is obvious that somebody in the U. C. C. failed to make proper report to the C. S. C. of the appointment of Noble, but inasmuch as it had been properly and formally made we do not believe that this omission should affect the validity of Noble's appointment. The certification of such action is but a ministerial act and can now be made in accord with the fact.

It is not unusual that the U. C. C. would fail to report the appointment of Noble in the stress under which it was then working in setting up an organization to carry on the work which had to be hurriedly begun. We must assume that the action of the commission was in good faith, although, of course, what was done may have been with the purpose of placing the appointees under the protection of Civil Service who would not be so protected if the appointments were not made in December, 1938. On the other hand, the spirit of the Civil Service was in nowise offended in the appointment of Noble because he was second on the list after written and presumably oral examination.

The writ may be granted and if it is conceded that the status of the relators, Loeb, Bon Durant, and Mallery, is the same as Noble, the writs may also issue in their cases.

GEIGER and BARNES, JJ., concur.

## ON APPLICATION FOR REHEARING

No. 3062.   Decided May 11, 1940.

BY THE COURT:
Application for rehearing denied. State ex Hoornstra v Atkinson, Admr. B. U. C., 136 Oh St 569.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.