**STATE, ex rel. McLAUGHLIN, Relatrix, v BABB, et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4012.   Decided December 29, 1947.

Jerome Goldman, Cincinnati, Frank J. Richter, Cincinnati, for relatrix.

Hon. Hugh S. Jenkins, Atty. Genl., James A. Bope, Asst. Atty Genl., Columbus, for respondents.

## OPINION

By WISEMAN, PJ.

This is an original action in mandamus by which relatrix seeks reinstatement as Investigator in the Hamilton County office of the Division of Aid for the Aged, Department of Public Welfare, State of Ohio, a position in the classified Civil Service of the State.

In her petition relatrix alleges that she passed a competitive examination for the position and was certified on an eligible list for appointment; that she was appointed to said position November 7, 1946, effective the same day; that on February 13, 1947, the respondent, Karl R. Babb, Chief of the Division of Aid for the Aged, wrongfully and fradulently removed her from said position, claiming her service was unsatisfactory; that her removal was solely for political purposes and without any justification whatsoever. Relatrix further alleges that her ninety-day probationary period had expired before said removal was made, and that no charges were served upon her, nor was she given a reasonable time within which to make an explanation as required by law.

An answer was filed by Karl R. Babb, Chief of the Division of Aid for the Aged, in which it was alleged that the effective date of the appointment of relatrix was November 16, 1946; admitted that on February 13, 1947, he notified the state Civil Service Commission that the services of the relatrix had been unsatisfactory, and thereupon dismissed relatrix with the approval of the State Civil Service Commission; that February 13, 1947, the date of her removal, was the ninetieth day of her probationary period.

The state Civil Service Commissioners in their answer allege that the effective date of the appointment was November 16, 1946; admitted that the Commission was notified by Babb that the service of the relatrix had been unsatisfactory; and that said notice was treated as a record of her service, and

after inspecting it, accepted it and considered the reasons therein set forth to be sufficient justification for a finding of unsatisfactory service and approved the probationary removal of the relatrix.

The evidence is presented to the Court in the form of depositions. It is conceded that the relatrix was appointed from a certified list of eligibles after a competitive examination to the position of Investigator in the Hamilton County office of Division of Aid for the Aged, a position in the classified service of the State.

The effective date of the appointment is in dispute. The relatrix claims the appointment became effective November 7, 1946, and the respondents claim the effective date of her appointment was November 16, 1946. On November 7, 1946, two notices of appointment were prepared and signed by the then Chief of the Division of Aid for the Aged. One notice was sent to the relatrix and the other to the state Civil Service Commission. The notice to the relatrix was in the form of a letter in which the effective date of her appointment was stated to be November 7, 1946.

The notice sent to the state Civil Service Commission is on a form furnished by the Commission, in which the effective date of her appointment was stated to be November 16, 1946. This notice contained the countersigned approval of the then Director of Public Welfare. No other record of the action appointing the relatrix appears in the evidence.

The evidence further shows that on February 13, 1947, the relatrix was notified by the respondent, Babb, as Chief of the Division of Aid for the Aged, that her services were terminated effective February 13, 1947; that on the same date Babb with the approval of Director of Public Welfare also notified the state Civil Service Commission of the removal of the relatrix.

Sec. 486-13 GC, in part provides:

"All original and promotional appointments shall be for a probationary period of not to exceed three months to be fixed by the rules of the commission, and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the appointing officer shall transmit to the commission a record of the employee's service, and if such service is unsatisfactory, the employee may, with the approval of the commission, be removed or reduced without restriction."

The probationary period has been fixed by Rule VIII, Section 19 of the state Civil Service Commission at ninety days from the effective date of the permanent appointment, including the date of permanent employment.

What was the status of relatrix on February 13, 1947, the day on which her services were terminated? The determination of this question depends upon whether the effective date of her permanent appointment was November 7th or November 16th, 1946.

The respondents contend that the appointment of the relatrix was not effective until approved by the Director of Public Welfare under the provisions of §1359-11 GC, which in part provides:

"He (Chief of the Division of Aid for the Aged) shall appoint all necessary assistants, investigators, clerks and other employees, and fix their duties and salaries, subject to the approval of the Director of Public Welfare."

The notice sent to the state Civil Service Commission under date of November 7, 1946, contained the countersigned approval of the Director of Public Welfare. There is no other record of the approval by the Director.

In State, ex rel. Hoornstra v Atkinson, 136 Oh St 569, wherein the Unemployment Compensation Commission by resolution on December 31, 1938, appointed relatrix, the appointment to be effective on the day she reported for work, and where the record shows she began work on December 27, 1938, and the notice of her appointment was not sent to the state Civil Service Commission until February 10, 1939, which stated the effective date of her appointment to be February 10, 1939, the Court held that the ninety-day probationary period began on December 31, 1938; that the report to the state Civil Service Commission did not constitute an essential step in the appointment. The Court on page 572 say:

"The determination of this question depends upon the construction to be given to §486-13 GC, as to whether it is directory or mandatory in character and an essential prerequisite to the effectiveness of the appointment. The evident purpose of this required report is to perfect the records of employment and to provide pay roll records in the office of the Civil Service Commission. The report constitutes no essential step in the regular routine by which a person on a competitive classified list in the civil service is appointed to

**a position in such service.** In the opinion of the court, the appointment of relatrix became effective as of December 31, 1938, and since her probationary period of employment had expired before May 10, 1939, she could not then be removed except for cause. Her discharge was, therefore, wrongful." (Emphasis ours.)

In **State, ex rel. Noble v Atkinson, 31 Abs. 576,** (opinion by Judge Hornbeck) the Court held:

"Where the Bureau of Unemployment Compensation by formal resolution names a person on a regular certified list as a regular probationary appointee on a certain date, and any investigation by the Bureau or the Civil Service Commission would disclose such appointment, **the probationary period dates from the day such appointment is made, the validity thereof is not effected by the failure of the Bureau to make proper report to the Commission as required by §486-13 GC,** and a later certified list and appointment, not having such indicia of regularity and authority, will not be given effect, so that the appointee, dismissed after the nineteenth day from the prior appointment without justification, is entitled to a writ of mandamus compelling his restoration to his position in the classified service." (Emphasis ours.)

These two cases are authority for the proposition that the notice which is required to be given to the state Civil Service Commission is not an essential step in the appointment of a person in the classified civil service. However, it is observed that in these cases the appointment by the Bureau was sufficient. The appointment did not require the approval of a superior officer to become effective.

In the case at bar under the provisions of §1359-11 GC, the appointment of relatrix did not become effective unless and until approved by the Director of Public Welfare. The approval of the Director was a necessary prerequisite to a valid appointment. The Director approved her appointment effective November 16, 1946. It may be conceded that the notice sent to the state Civil Service Commission was not a prerequisite to her appointment; in this respect it has no validity. However, this record, being the only record showing approval of her appointment by the Director, establishes the effective date of her appointment as approved by the Director. The appointment being effective November 16, 1946,

;the ninety-day probationary period had not expired on February 13, 1947, the date of her removal.

We come now to the other question raised by relatrix, to wit: That the letter of dismissal sent to the state Civil Serv-ive Commission under date of February 13, 1947, did not con-stitute a record of service of the relatrix as required by §486-13 GC, the pertinent part of the section being as follows:

"At the end of the probationary period the appointing officer shall transmit to the commission a record of the em-ployee's service, and if such service is unsatisfactory the em-ployee may, with the approval of the commission be removed or reduced without restriction."

The letter of dismissal stated:

"The services of this employee have not been satisfactory in the following particulars:
1. Late for work.
2. Lack of interest and energy.
3. Cannot carry out instruction."

Does this statement comply with the requirements of §486-13 GC? In State, ex rel. Artman v McDonough, 132 Oh St 47, a police officer was removed at the end of his ninety-day probationary period for unsatisfactory service. A copy of the order of the dismissal and a record of service, together with certain stated reasons for his discharge was furnished to the Civil Service Commission, pursuant to which the Civil Serv-ice Commission made a finding that the reasons submitted by the Safety Director of the City of Steubenville warranted the dismissal of the relator, and, thereupon, approved the same. In that case the relator urged that the reasons set forth were pretended reasons merely, and that the real reason was political; that his conduct at all times was good and his service efficient and satisfactory. A similar contention is made in the instant case. In the Artman case, in the statement of facts it is stated that "a record of service" was furnished but no information is given as to the form or character of the record of service. An examination of the record in that case in the office of the clerk of the Supreme Court discloses that the charges were submitted to the Civil Service Commission of the City of Steubenville in a written communication, the pertinent part of which is as follows:

"I now submit to your Honorable Body specific causes which disclose conduct of said patrolman which prompted decision that said patrolman had rendered unsatisfactory service; said causes being listed as follows: (1) That said George Artman, while serving in the capacity of patrolman during probationary period, has been repeatedly associated with persons engaged in violation of law and particularly in the illegal business known as 'number writing'; (2) That notwithstanding the fact that George Artman had knowledge that certain persons were engaged in the violation of law and particularly in the business of 'number writing', no action was taken by the said George Artman in the matter of arresting said persons engaged in the violation of law nor did he take any action to cause the arrest of such persons.

"This man, in the opinion of the writer has not only rendered very unsatisfactory service, but cannot measure up to the standards required of a permanent appointee as patrolman of the City of Steubenville."

The Court in holding that §486-13 GC, applied in effecting a removal of the relator, held:

"It is governed and controlled by the specific provisions of §486-13 GC. **Pursuant thereto the record of the service of the probationary appointee was certified to the Civil Service Commission as unsatisfactory,** and that Commission approved the removal of such appointee.

"* * * **No right is granted by this statute to probationary appointees to appeal to the Civil Service Commission or to have a hearing upon the question of the character of the service rendered by him,** as is granted by §§486-17 and 486-17a GC, to permanent appointees. Such distinction specifically made by the legislation relative to such appointments cannot be disregarded. To do so would be tantamount to an amendment of the statute—a legislative and not a judicial function.

"It follows that, under the facts presented, the official action complained of is not reviewable in a proceeding in mandamus." (Emphasis ours.)

The state Civil Service Commission may not conduct an independent investigation to determine the truth or falsity of the charge of unsatisfactory service. Also, in the case at bar, if the letter of dismissal constituted a record of service of relatrix, as required by §486-13 GC, this Court would not determine from the great volume of testimony introduced

whether the state Civil Service Commission properly exercised its discretion in approving the removal. However, the question for determination is whether the letter of dismissal transmitted to the state Civil Service Commission constituted a record of service of the relatrix as required by §486-13 GC.

In **State, ex. rel. Stine v Atkinson, 138 Oh St 217,** where the relator was dismissed at the end of his ninety-day probationary period as a Claims Examiner for the Bureau of Unemployment Compensation, the letter addressed to the state Civil Service Commission contained the following statements;

"Mr. Stine has failed in the responsibilities as a Claims Examiner in handling protests involving both the claimant and employer. He has not brought to light all information, resulting in the central office not being in a position to render decision in the case.

"Instructions provided that Claim Examiners should secure all facts from both parties in cases of adjustments. On more than one occasion it has been necessary to return to the local office, adjustment cases handled by Mr. Stine, because of lack of sufficient information."

However, on page 218 the Court stated that "thereafter, examples of faulty work on the part of relator were transmitted to the Civil Service Commission", which approved the removal. The relator in that case, as does the relatrix in the case at bar, in the depositions attempted to show that his work as a Claims Examiner was of a high order and that his dismissal was largely due to his political affiliations. The Court on page 219 held:

"Relator's contentions that the exercise of responsible discretion was unlawfully delegated and that the communication to the Civil Service Commission did not set out in a sufficiently adequate manner the relator's record of service are too technical.

"It is our conclusion that the provisions of §486-13 GC, as interpreted and applied in the case of **State, ex rel. Artman v McDonough, Director of Public Safety, 132 Oh St, 47, 4 N. E.** (2d), 982, were sufficiently met in the present case and that the order for the issuance of the extraordinary writ of mandamus against the respondent would be inappropriate."

It is important to observe that in the Stine case a statement of the reasons for removal was stated in the letter of

dismissal, supported thereafter by "examples of faulty work" which was considered by the Commission. In the Artman case a letter of dismissal contained factual material in support of the charge of unsatisfactory service. The communication was evidentiary in character, the substance of which permitted the Commission to exercise its proper discretion. The distinction between the Stine and Artman cases and the instant case is clearly apparent. Had the letter of dismissal in the case at bar contained factual material of a substantial character, we would be disposed to follow the Stine and Artman cases and deny the writ.

However, in the case at bar the letter to the state Civil Service Commission simply states very briefly the ultimate reasons reached for the dismissal: late for work, lack of interest and energy; and, cannot carry out instructions. No other record of service or information was transmitted to the state Civil Service Commission in support thereof, although the Commission requested that additional records and information be furnished.

In the Stine case the Court on page 219 held that the action of the state Civil Service Commission in approving the removal "involved the exercise of discretionary powers". If the Commission is to exercise its discretion in approving the removal, it becomes apparent that the record of service transmitted to it must be of such a character and contain sufficient facts upon which the Commission may properly exercise its discretion. Since the state Civil Service Commission is not given authority to conduct an independent investigation, but is required to act only on the basis of the information furnished in the record of service, which is transmitted to it, it is essential that more information be furnished than appears in the letter of dismissal under consideration.

If a letter in this form is to be considered sufficient, then the state Civil Service Commission is deprived of its proper function and it thereby becomes a rubber stamp. The law intends that the state Civil Service Commission shall perform a much needed function. In the Artman case the Court on page 49 held:

"As a safeguard against arbitrary action of the appointing official or even his erroneous judgment as to the unsatisfactory character of the probationary appointee's service, his removal cannot be made effective without the approval of the Civil Service Commission. But with their approval, such removal or reduction is 'without restriction'."

If the statement in the letter of dismissal constitutes a record of service as required by §486-13 GC, then the Commission no longer functions "as a safeguard against arbitrary action of the appointing official or even his erroneous judgment", and such employee may be removed at the will of the appointing authority. Such a procedure is not contemplated by the laws of this State applicable thereto.

However, as held in the Stine case before the approval is given by the state Civil Service Commission, it is required to exercise discretionary power. In the case at bar, the letter of dismissal does not require nor permit the Commission to exercise any discretion.

Furthermore, no discretion was exercised by the Commission, because there was insufficient subject matter before it, as required by law, upon which it could so act. Without full compliance with the requisites of the statute the Commission cannot decide whether or not the appointing authority has any ground whatever for the conclusion that the services of the employee are unsatisfactory. All that was transmitted in this case were the findings of the appointing authority which may or may not have been reached from a record of service, and if drawn from a record it may not, in its most favorable interpretation for the appointing authority permit of the conclusion which he has drawn. Information which is available to the appointing authority and upon which he bases his conclusions that the service of the employee is unsatisfactory, must be made available to the Commission and upon which it must exercise its discretion. In the testimony of Carl W. Smith, a member of the state Civil Service Commission, it clearly appears that the Commission acted under the assumption that it had no discretion to exercise and in approving the removal of relatrix exercised no discretion.

We are of the opinion that the letter transmitted to the state Civil Service Commission by respondent, Babb, under date of February 13, 1947, did not constitute "a record of employee's service" as required by §486-13 GC, and that the state Civil Service Commission did not exercise its proper discretionary powers in approving the removal of relatrix.

The motion of respondents filed at the conclusion of the evidence submitted by relatrix and, also, at the conclusion of all of the evidence, to enter judgment in their favor on the pleadings and the evidence, is hereby overruled.

A writ of mandamus as prayed for requiring the restoration of the name of relatrix as an employee and Investigator

in the permanent Civil Service classification under the Division of Aid for the Aged is hereby granted.

HORNBECK, J, concurs.
MILLER, J, dissents.

### DISSENTING OPINION

MILLER, J, dissenting:

I concur as to the effective date of the appointment but dissent as to the insufficiency of the record of service furnished to the Civil Service Commission, for the reason that I think that the provisions of §486-13 GC, as interpreted and applied in the case of **State, ex rel. Artman v McDonough, 132 Oh St 47**, were sufficiently met. In that case, as in the case at bar, the record of service consisted merely of conclusions of fact which were supported by no evidence relating to the character of the work performed by the employee.