### STATE, EX REL. CLEMENTS, Relator, v. BABB, et, Respondents.

Ohio Appeals, Second District, Franklin County.

No. 4011. Decided December 29, 1947.

Frank J. Richter, Cincinnati, Jerome Goldman, Cincinnati, for relator.

Hon. Hugh S. Jenkins, Atty. Genl., James A. Bope, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By WISEMAN, PJ.

This is an original action in mandamus by which the relator seeks reinstatement to his former position of investigator in the Hamilton County office of the Division of Aid for the Aged in the Department of Public Welfare, a position in the classified Civil Service of the State. The relator was removed from that position at the end of his ninety-day probationary period with the approval of the Civil Service Commission. He contends that such action was arbitrary, fraudulent, political and unlawful on the part of the respondent Babb, who is Chief of the Division of Aid for the Aged, and involved a neglect of duty on the part of respondents, Carl W. Smith and Gertrude Jones, who are the Commissioners of the State Civil Service Commission.

The record discloses that at the end of the ninety-day probationary period the relator was notified by a letter from the respondent Babb that he was being dismissed at the end of his ninety-day probationary period. The letter of dismissal sent by Babb, as Chief of the Division of Aid for the Aged, to the Civil Service Commission stated:

"The services of this employee have not been satisfactory in the following particulars:
1. Poor judgment.
2. Lacks tact.
3. Does not plan work."

The principal question for determination is whether this statement complies with the requirements of §486-13 GC, the pertinent part of the section being as follows:

"At the end of the probationary period the appointing officer shall transmit to the Commission a record of the employe's service, and if such service is unsatisfactory, the employe may, with the approval of the Commission, be removed or reduced without restriction."

A similar question was presented for our determination in the case of *State, ex rel. McLaughlin v Babb*, case No. 4012, **50 Abs, 385** Franklin County, decided December 29, 1947, in which this Court held that a letter of dismissal of this character, without any supporting information, does not constitute a "record of employe's service" as required by §486-13 GC. Also, the record in this case shows, as it did in the McLaughlin case, that the state Civil Service Commission failed to exercise its proper discretion in approving the removal of relator. In our opinion the letter of dismissal under consideration did not contain sufficient subject matter, as required by law, upon which the Commission may properly exercise its discretion. For a discussion of the legal questions raised, reference is made to the opinion in the McLaughlin case.

A writ of mandamus as prayed for requiring the restoration of the name of relator, as an employee and investigator in the permanent Civil Service classification under the Division of Aid for the Aged is hereby granted.

HORNBECK, J, concurs.
MILLER, J, dissents.

MILLER, J, dissenting:
I dissent for the reasons stated in the McLaughlin case, supra.